**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JAMES JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-0026 (UNA) |
| | ) | |
| LOS ANGELES POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on its initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court must dismiss a case "at any time" if it determines that the action is frivolous.

Generally, plaintiff alleges that he has been and continues to be harassed by the Federal Bureau of Investigation, the Los Angeles Police Department, and other law enforcement agencies. For example, the FBI allegedly "is . . . terrorizing plaintiff through an illegal warfare chemical system," Compl., Ex. (ECF No. 1-1) at 4 (page numbers designated by CM/ECF), is "cyberhacking [his] medical records[,] email account, [and] cell phone," *id.*, and is responsible for hacking microprocessors in his car, *see id.* at 20, such that the vehicle's warning lights can be triggered, brakes can be disabled, radio stations can be changed, and the engine can be disabled remotely, *see id.* at 20-21. In addition, law enforcement officers in Los Angeles allegedly are responsible for "blackballing, terrorism, stalking, and various other illegal activities," *id.* at 23, prompting plaintiff to Leave Los Angeles and move elsewhere., *see id.* at 24. And, plaintiff

1

alleges, he sleepwalks as a result of "some kind of mental manipulation/wave system," or "chemical weaponry, wave, [or] brain computer interface." *Id.* at 12.  As compensation for the injuries defendants have caused, plaintiff demands an award of $6 million, among other relief. *See id.* at 13.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  On review of the complaint, the Court concludes that its factual allegations are incoherent, irrational or wholly incredible, rendering the complaint subject to dismissal as frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality").

A separate order will issue.


DATE: January 19, 2023                         /s/
                                               CHRISTOPHER R. COOPER
                                               United States District Judge